of circumstances have to be taken into consideration in determining the question.   *Eddy* v. *Gage*, 147 Ill. 162.

As the plaintiff must recover on the strength of his own title and not on the weakness of his adversary's title, it is not material to consider whether the conveyance to appellee is defective or not.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

---

## THE CITY OF FULTON

*v.*

## THE NORTHERN ILLINOIS COLLEGE.

*Filed at Ottawa October 11, 1895.*

1. MUNICIPAL CORPORATIONS—*mortgage to secure repayment of donation to a college, void.*   A mortgage taken by a municipal corporation upon making a donation to a college, conditioned for the repayment of such donation when a college of fair order fails to be maintained, is illegal, for want of power of the corporation to make such donation or receive such mortgage.

2. LIMITATIONS—*when statute begins to run against mortgage with void condition.*   If such a mortgage were held valid and the condition thereof void, then the Statute of Limitations would begin to run against such mortgage from its date.

3. SAME—*when taken advantage of on demurrer.*   The Statute of Limitations may be taken advantage of by demurrer, where the face of the bill discloses that it has run.

*City of Fulton* v. *Northern Illinois College,* 56 Ill. App. 372, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Whiteside county; the Hon. JOHN D. CRABTREE, Judge, presiding.

The opinion filed in the Appellate Court for the Second District by LACEY, P. J., is as follows :

"This was a bill by plaintiff in error to foreclose a mortgage dated April 29, 1868, given on certain real estate situate in the city of Fulton, by the Illinois Sol-

diers' College, a corporation in the city of Fulton, to secure plaintiff in error in the sum of $6000, then by the mortgage acknowledged to be due. The condition of the mortgage was to secure the above sum obligated to be paid to it by a certain bond of even date therewith, payable without use, 'whenever the defendant in error should fail to keep, maintain and continue, without material interruption, a college of fair order in the building on block 10, in range 10, in said city of Fulton.' The mortgage otherwise was in the usual form, with the usual defeasance. The defendant in error became the successor of the Illinois Soldiers' College in 1874. To the bill filed by the plaintiff in error the defendant in error demurred. The court sustained the demurrer, and the plaintiff in error electing to stand by the bill, the court entered a decree dismissing the bill for want of equity on its face, and entered a decree against plaintiff in error for costs of suit.

"The main ground of objection to the bill was, that it showed that the mortgage was given to secure a loan in aid of other than proper municipal purpose or to secure the return of a conditional donation ; that the loan was for a purpose not germane to the objects of a municipal corporation, and that the city had no power to make the same. It is also insisted that the mortgage was barred by the Statute of Limitations.

"It appears to us quite clear that the intention on the part of the plaintiff in error was to make a donation of the $6000 due it from defendant in error, so long as the Illinois Soldiers' College, or its successor, should maintain a college of fair order, and when such institution failed to be so maintained that the donation was to revert to plaintiff in error. Now, it is quite evident that the plaintiff in error, being simply a municipal corporation, organized merely for governmental purposes, had no power, in law, to make any such gift, or to take an obligation like the mortgage in question, conditioned on such

a contingency.  The instrument, if enforceable at all, must be enforced in accordance with its terms.  If legal, it could never be enforced so long as the college were maintained as provided.  But evidently such a condition could not bind the plaintiff in error and compel it to stand by its donation, even if the condition of the mortgage were fulfilled.  The mortgage was therefore illegal for want of power in the plaintiff in error to receive it. Nor can it be rightfully claimed, as we think, that while the condition was void, the mortgage otherwise should be regarded as valid.  The mortgage, as a whole, was either valid or invalid.  The bill treats it as valid, and relies on the failure to maintain a college of fair order in the building, as grounds of forfeiture and right to foreclose. Evidently the failure to maintain such a college cannot be said to be the fulfillment or completion of the contract on the part of the plaintiff in error.  It was simply a forfeiture on the part of defendant in error of an invalid contract.  The rule of law quoted from Morawetz on Corporations, (p. 100,) that 'if a contract entered into by a corporation has been performed by either of the parties, the other party cannot set up, as a defense to an action for breach of such contract, that the corporation had no authority to enter into it,' can not apply here.  There has been no performance, here, by plaintiff in error, other than the receiving of the mortgage from the defendant in error, and that was an illegal act, as we have shown.

"The want of power by municipal corporations in this State, in the absence of express authority, to donate or loan money to private enterprises has often been expressly held.  *Johnson* v. *Stark County*, 24 Ill. 75; *Bissell* v. v. *City of Kankakee*, 64 id. 249; *English* v. *People*, 96 id. 566; *Mather* v. *City of Ottawa*, 114 id. 659.

"We are of the opinion that, the mortgage being void, plaintiff in error could have no right of action based on it.  The right of the city to sue for the money due from

defendant in error at law, would be another question not involved here.

"In case the mortgage could be held valid and the condition void, the Statute of Limitations would have run against it, because more than twenty years have elapsed since its date and before bill filed; and the Statute of Limitations can be taken advantage of on demurrer, where it appears, on the face of the bill, it has run. *Board of Supervisors* v. *Winnebago Swamp Drainage Co.* 52 Ill. 454; *Ilett* v. *Collins*, 103 id. 74.

"In accordance with the provisions of this mortgage it could never be foreclosed so long as a college of fair order was maintained on the lot in question. Hence, in the nature of the transaction, the $6000 was a donation or a gift so long as the college was maintained, which might be perpetually.

"We are of opinion that the demurrer was properly sustained and bill rightfully dismissed. The decree of the court below is therefore affirmed."

C. C. McMahon, and James DeWitt Andrews, for appellant:

The objects of the two corporations were germane to each other and the character of their powers similar, and the city had the right to contribute to the support of the college or deal with it as it did. *Wagner* v. *Rock Island*, 146 Ill. 139; *Speight* v. *People*, 87 id. 595; *Female Academy* v. *Sullivan*, 116 id. 375; *Board of Education* v. *Bakewell*, 122 id. 339; *Richard* v. *Raymond*, 92 id. 617; *Powell* v. *Board of Education*, 97 id. 375; *Roach* v. *Board of Directors*, 77 Mo. 484; *Gerke* v. *Purcell*, 25 Ohio St. 229.

Unless it should be held that under no circumstances could a debt exist between the defendant and the complainant, and that it was entirely beyond the power of the city to accept a bond and mortgage to secure its repayment, the presumption is in favor of validity, and not that the contract is *ultra vires*. *Railway Co.* v. *McCarthy*,.

96 U. S. 267; *Miner's Ditch Co.* v. *Zellersberger*, 37 Cal. 543; 99 Am. Dec. 30; 103 Cal. 534; *Videl* v. *Girard's Exrs.* 2 How. 127.

That a municipal corporation may be a creditor and take securities for the repayment is not open for discussion. 2 Dillon on Mun. Corp. 677; *Sturgeon* v. *Board of Comrs.* 65 Ind. 302.

The appellee is not in a situation, while retaining the money, to invoke the doctrine of *ultra vires.* *Sturgeon* v. *Board of Comrs.* 65 Ind. 302; *Bank* v. *Matthews*, 96 U. S. 642.

In the following cases a mortgage was enforced beyond the power of the making corporation: *Darst* v. *Gale*, 83 Ill. 337; *Ammerman* v. *Niles*, 9 C. E. Green, 13.

In the following cases foreclosures were enforced in favor of the corporation when the mortgages were strictly without the power of the corporation to take: *Bond* v. *Manufacturing Co.* 82 Texas, 310; *Bank* v. *Matthews*, 98 U. S. 621; *Railway Co.* v. *Railway Co.* 48 N. J. L. 569.

McCoy Bros., for appellee:

Powers not expressly granted to municipal corporations, or necessary to the execution of those so given, are in effect prohibited and unlawful, upon grounds of public policy. Morawetz on Corp. sec. 468; *McPherson* v. *Foster*, 43 Iowa, 48; *People* v. *Chicago Gas Trust Co.* 130 Ill. 258.

In Illinois, cities have no power to loan, donate or pledge their money or credit in aid of private enterprises, in the absence of express grant of authority so to do. *Johnson* v. *Stark County*, 24 Ill. 75; *Bissell* v. *Kankakee*, 64 id. 249; *English* v. *People*, 96 id. 566; *Mather* v. *Ottawa*, 114 id. 659.

A contract strictly *ultra vires* is illegal, upon the ground of public policy. *Transportation Co.* v. *Pullman Palace Car Co.* 139 U. S. 24; *People* v. *Chicago Gas Trust Co.* 130 Ill. 268; *Bissell* v. *Railroad Co.* 22 N. Y. 285.

A corporate contract strictly *ultra vires*, whether executed or not,—whether benefits have or have not been

158—22

received thereunder,—is absolutely void, and neither party is estopped to set up its strictly *ultra vires* character.    Dillon on Mun. Corp. sec. 458, and authorities in note 1; *Davis* v. *Railroad Co.* 131 Mass. 248; 41 Am. Rep. 221; *Littlewort* v. *Davis,* 50 Mass. 403; *Sherwood* v. *Alvis,* 83 Ala. 115; *Kipp* v. *Light Co.* 46 N. Y. 397; *Insurance Co.* v. *Dhien,* 43 Wis. 425; *Transportation Co.* v. *Pullman Palace Car Co.* 139 U. S. 24, and cases cited; *Railroad Co.* v. *Bridge Co.* 131 id. 371.

A party making with a city a contract *ultra vires,* is not estopped, when sued thereon by the corporation, to set up its want of authority to make it.    Dillon on Mun. Corp. sec. 458; *Railroad Co.* v. *Bridge Co.* 131 U. S. 371; *Transportation Co.* v. *Pullman Palace Car Co.* 139 id. 24, and authorities cited; *Montgomery City Council* v. *Railroad Co.* 31 Ala. 76; *Navigation Co.* v. *Dandridge,* 8 Gill & J. 248.

The remedy, if any, in case of contract strictly *ultra vires,* is not upon the contract itself, but is in *assumpsit,* upon a count in *quantum meruit,* or for money had and received to plaintiff's use.    *Salt Lake City* v. *Hollister,* 118 U. S. 256; *Railroad Co.* v. *Bridge Co.* 132 id. 371; *Transportation Co.* v. *Pullman Palace Car Co.* 139 id. 24, and cases cited; *Smith* v. *Insurance Co.* 4 Ala. 558; *Dill* v. *Wareham,* 7 Metc. (Mass.) 438; *Morville* v. *Tract Society,* 123 Mass. 129; *Argenti* v. *San Francisco,* 16 Cal. 256; *Miller* v. *Insurance Co.* 92 Tenn. 167; *Loan Co.* v. *Towner,* 13 Conn. 249; Dillon on Mun. Corp. secs. 458, 935, 938, 969; 15 Am. & Eng. Ency. of Law, 1100, 1101, 1102; *Utica Insurance cases,* 19 Johns. 1; 8 Cow. 20; 3 Wend. 296; 4 id. 658.

Per CURIAM:    The questions presented by this record we find as stated in the opinion of the Appellate Court, and concur with that court in its conclusions of law.    Its judgment is affirmed.                                 *Judgment affirmed.*